PANKEN v. HOLLY et al.

(Supreme Court, Appellate Division, First Department.   November 24, 1911.)

NEGLIGENCE (§ 110*)—COMPLAINT FOR PERSONAL INJURY—SUFFICIENCY.

A complaint in an action for injury resulting from plaintiff falling into an elevator shaft in defendant's hallway is insufficient where it fails to show that the hallway was one to which defendant had invited the public, or which was provided for plaintiff's use, or which he had the right to use.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 177, 178; Dec. Dig. § 110.*]

McLaughlin J., dissenting.

Appeal from Special Term, New York County.

Action by Jacob Panken against Henry H. Holly and another. From an interlocutory judgment sustaining a demurrer to an amended complaint, plaintiff appeals. Affirmed.

See, also, 130 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Edwin T. Taliaferro, for appellant.

W. Lester Glenney, for respondents.

PER CURIAM. There is no allegation in the complaint to show that the hallway from which the plaintiff fell was one in which the defendant had invited the public to enter or provided for the use of the plaintiff, or which he had the right to use; so that the plaintiff does not show a state of facts which imposed upon the defendant the duty of guarding or protecting the entrance to the elevator.

The judgment should be affirmed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of said costs.

McLAUGHLIN, J., dissents.

---

EPSTEIN v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department.   November 17, 1911.)

STREET RAILROADS (§ 117*)—INJURIES TO TRAVELERS—CROSSING ACCIDENT.

Plaintiff's mother with plaintiff in her arms approached defendant's street car track at a point where the rules required the cars to go slow. The mother's vision was obstructed by a low bridge and a curve, and, after looking in both directions and discovering a car a block and a half away on one track and no car on the other, she attempted to cross at a street intersection in broad daylight, accompanied by several other members of her family. She was struck by a car coming on that track from under the bridge at a rapid rate of speed and without signal or warning. Held, that plaintiff's mother was entitled to rely on the performance of defendant's duty to have its car under control as it ap-

proached the crossing, and hence she was not negligent as a matter of law.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 255–257; Dec. Dig. § 117.*]

Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Harry Epstein, an infant, by Morris Epstein, his guardian ad litem, against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

Jacob J. Lesser (Harry Yarm, on the brief), for appellant.
D. A. Marsh, for respondent.

WOODWARD, J. The judgment in this case should be reversed; there was a question of fact which should have been submitted to the jury.

The plaintiff is an infant, and at the time of the accident in August, 1907, was four months old, and lived with his parents on Jamaica avenue, between Union and Rockaway Beach avenues. On the 11th day of August, 1907, the plaintiff's parents, with other members of the family, started for Manhattan, city of New York; the infant plaintiff being carried in the mother's arms. The defendant operates a double-track surface railroad on Jamaica avenue, and it was with the intention of taking a car that the plaintiff's parents attempted to cross the street, as was necessary in order to become passengers. While the complaint alleges that the accident occurred "at or about its" (Jamaica avenue's) "intersection with said Park avenue," the answer denies this allegation, and the evidence does not clearly show the location of the accident with reference to Park avenue, though one of plaintiff's witnesses, referring to the bridge which crosses Jamaica avenue very near to the point of the accident, says that there was a sign upon this bridge, reading, "Slow," and that this sign was "on the Park avenue side of the bridge, on the side where the accident was," and this same witness testified that after the accident "the car stopped where it generally stops, not quite a block away," so that the inference might be drawn that the accident occurred at a point just after the car had passed under the bridge, and at or near the junction of Park avenue with Jamaica avenue, and that it did not stop until it had gone nearly to the next street a block away. This is the most favorable view of the evidence, and the plaintiff is entitled to this view upon appeal from a nonsuit. The evidence was such as to justify the jury in finding that the plaintiff's mother, with the infant plaintiff in her arms, approached the defendant's track at a point where by the rules of the company it was required to go slow, and where the plaintiff's mother's vision was obstructed by the low bridge and a curve, and that after looking in both directions, and discovering a car a block and a half away on one side and no car on the other, she attempted

to cross over the defendant's tracks, in broad daylight and accompanied by several members of her family, and that she was struck by the defendant's car coming from under the bridge at a rapid rate of speed.

If the jury were justified in drawing the inference that the accident occurred at or near a street intersection, where the defendant owed the plaintiff the duty of having its car under control, or if the jury found that the rules of the company, adopted for the safety of operation, required the defendant's car to be run slowly under this bridge, it was for the jury to say whether this mother had exercised that reasonable degree of care which a reasonably prudent woman, under the circumstances, would or should have exercised.  The evidence shows that plaintiff's mother had resided at this point for some time, and she had a right to assume, in going to take a car, that the defendant would operate its cars in the manner required by its own regulations and by the law of the state, and it was for the jury to determine, under all of the circumstances, whether she had exercised that degree of care which the law requires.  The photographs in evidence (particularly Exhibit No. 2) might show to one familiar with the location described by the witnesses a street intersection immediately adjacent to the bridge and at the point of the accident, and if this is the case there can be no question of the defendant's negligence, for the evidence is to the effect that the car came through without any noticeable change of speed, and that it was not stopped until it had run nearly a block, although the motorman shouted a warning just as the car struck the plaintiff's mother.  No bell was sounded.  The situation, with a surface car running under a bridge with a curve which shut out a view of the track until people were well into the middle of the street, clearly required some warning, and demanded that the car should be under control, and a person lawfully using the highway, and knowing of such a condition, has some right to rely upon the defendant discharging its duty.

It is probably true that the jury might very properly find that the plaintiff's mother negligently contributed to the accident; the facts and circumstances are such as to suggest that she did not exercise any great degree of care, but at the same time the evidence did not present a case to be determined by the court.  Reasonable men, taking into consideration all of the facts, might reach the conclusion that this mother, engrossed with the cares of her family, mindful of the comfort of her infant son, had exercised all of the care which the circumstances demanded.  There is no reason to doubt that the evidence disclosed actionable negligence on the part of the defendant, and the plaintiff is only bound to show that his mother had exercised the degree of care which a reasonably prudent person, under the circumstances, would or should have used, and this includes her right to assume that the defendant would do its duty and give seasonable warning, or have its car in control at this point.  True, she had no right to rely upon this absolutely.  She could not rely upon the motorman doing his duty and charge the defendant with liability for any accident which might happen; but the degree of care which she was

bound to exercise was the degree of care which a reasonably prudent person would or should have used, knowing that it was the duty of the defendant to exercise the degree of care which the circumstances demanded, and it is not for the court to determine this question under the evidence as it appears in this record, even though it might be conceded that the trial justice might be justified in setting aside the verdict of the jury in favor of the plaintiff. There was evidence of some degree of care; whether that constituted reasonable care was for the jury to say, and the case could not properly be disposed of as a matter of law.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERGER and RICH, JJ., concur. BURR, J., reads for affirmance, with whom JENKS, P. J., concurs.

BURR, J. I dissent. On the day of the accident plaintiff's parents wished to take a car on Jamaica avenue, upon which street they resided, going toward New York. To do this they had to cross the tracks upon which the car coming from New York ran; plaintiff's mother having him in her arms. She testified that she looked up and down the street to see if any cars were coming, that she saw a car to her right (the car going to New York), but that she did not see any car on her left (the car coming from New York, and the car which struck her). She walked along, and as she was about to step onto the track she was struck by the running board on the right-hand side of the car, and thrown down, and plaintiff was injured. There may have been sufficient evidence of defendant's negligence to go to the jury; but I can see no evidence of the slightest care upon the part of plaintiff's mother, and her negligence must be imputed to him and is sufficient to defeat this action. It is true that she says that before she stepped upon the track she looked and did not see the car approaching on her left, but if she did look she did not look intelligently, for the car was coming, and there was nothing to obstruct her view. Plaintiff's father and mother tried to convey the impression that the view was obstructed first by a turn in the road, and, second, by a bridge of the elevated railroad across the street. The photographs (Exhibits 1 and 2), which plaintiff offered in evidence, show that neither of these was any obstruction whatever to a person approaching the track, although possibly they may have been to a person on the curb. Plaintiff's father admitted that the turn in the road, which the photograph shows was slight, was 50 feet from the place where the accident occurred, and that the elevated structure was "10 feet low." There is no proof that the point of the accident was either at or near a street intersecting Jamaica avenue, and the photograph would indicate that such was not the case. The question of the speed of the car has nothing to do with the contributory negligence of plaintiff's mother. Whether the car was going rapidly or slowly would not have prevented her from seeing the same, and she should have refrained from stepping forward while the car was approaching.

The fact that she was not struck by the fender, or the front part of the car, but that she came into collision with the running board upon the side, clearly demonstrates that she heedlessly walked into the side of a moving car.

I think that the judgment should be affirmed, with costs.

